UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

US BANK TRUST N.A., AS
TRUSTEE FOR LSF11
MASTER PARTICIPATION
TRUST,

    Plaintiff,

v.                                    Case No. 5:23-cv-207-RH-MJF

SOLOMON W. BROWN,

    Defendant.
                                       /

## REPORT AND RECOMMENDATION

Because Defendant Solomon W. Brown has failed to carry his burden of demonstrating that the District Court enjoys subject-matter jurisdiction over this civil action, the District Court should remand this action to the Florida court from which it was removed.

### I. BACKGROUND

**A.    The Underlying Foreclosure Action Against Brown**

On June 6, 2019, Plaintiff U.S. Bank Trust, N.A. filed a two-count complaint in the Fourteenth Judicial Circuit in and for Gulf County, Florida, seeking a residential foreclosure and a reformation of the

incorrect legal description in the subject mortgage ("*Brown I*").[1] On January 14, 2020, the state trial court conducted a bench trial, and on February 11, 2020, the state trial court entered a final judgment against Brown.

On February 10, 2021, U.S. Bank Trust filed a motion to vacate the state court's final judgment of foreclosure because the trial court did not address U.S. Bank Trust's claim for reformation of the description of the subject mortgage and the final order contained an incorrect legal description of the mortgage. On July 27, 2023, the state trial court entered an amended final judgment of foreclosure in which it reformed the legal description of the subject mortgage.

**B.   Brown's First Attempt at Removal**

On February 24, 2022, Brown filed his first notice of removal. Petitioner's Notice of Removal, *US Bank Trust NA v. Brown*, 5:22-cv-45-AW-MJF, (N.D. Fla. Feb. 24, 2022) ("*Brown II*"), ECF No. 1. On March

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

18, 2022, United States District Judge Allen C. Winsor remanded the action after Brown failed to demonstrate that the district court enjoyed subject-matter jurisdiction. Doc. 6; *see* Doc. 7 (denying Brown's motion for reconsideration).

### C.     Brown's Current Attempt to Remove

On August 2, 2023, Brown again attempted to remove the state proceeding. Doc. 1. In his notice of removal, Brown contended that removal is proper because U.S. Bank Trust and the state court committed acts that gave rise to claims which Brown could assert under 42 U.S.C. §§ 1981 and 1983 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* at 3, 6, 7. The undersigned ordered Brown to show cause why this case should not be remanded for lack of subject-matter jurisdiction. Doc. 4.

On August 15, 2023, Brown responded to the undersigned's order to show cause. Doc. 5. Brown asserted that the District Court has subject-matter jurisdiction because: (1) Brown possesses defenses to U.S. Bank Trust's claims based on federal law, and (2) U.S. Bank Trust and the state court committed acts which give rise to claims under 42 U.S.C. §§ 1981 and 1983 and the FDCPA. Doc. 5 at 5-6 (asserting that he had a claim

under the FDCPA); *id.* at 6-8 (asserting that the trial court and U.S. Bank Trust violated Brown's right to due process). Brown also asserted—without any development or argument—that there were "antitrust issues raised in [*Brown I*]." *Id.* at 5.

## II. DISCUSSION

The general removal statute, 28 U.S.C. § 1441, provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). In other words, a "defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 711 (11th Cir. 1997). Accordingly, a defendant may remove a civil action when: (1) the complaint asserts a claim giving rise to federal-question jurisdiction under 28 U.S.C. § 1331, or (2) the court enjoys diversity-of-citizenship jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Williams*, 482 U.S.

386, 392 (1987). The party attempting to invoke a federal court's jurisdiction bears the burden of establishing that the court possesses jurisdiction. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A.   <u>**Diversity-of-Citizenship Jurisdiction**</u>

Brown does not assert facts which indicate that the District Court possesses diversity-of-citizenship jurisdiction regarding U.S. Bank Trust's underlying claims. Rather, Brown focuses solely on defenses based on federal law that Brown believes are actionable. Accordingly, Brown has not demonstrated that the District Court possesses subject-matter jurisdiction by virtue of the parties' diverse citizenship.

B.   <u>**Federal-Question Jurisdiction**</u>

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. "A defense is not part of a plaintiff's properly pleaded

statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Indeed, as the Eleventh Circuit has explained:

> Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid.

*Kemp.*, 109 F.3d at 712.

Here, Brown has not alleged that U.S. Bank Trust's claims for foreclosure or reformation of the mortgage were based on anything other than the law of the State of Florida. *See* Docs. 1, 5. Brown does not contend, and it does not appear, that U.S. Bank Trust's claims were based on federal law.

Even assuming—as Brown contends—that U.S. Bank Trust and the Florida trial court committed acts that give rise to claims that Brown could assert under 42 U.S.C. §§ 1981 and 1983 and the FDCPA, this alone does not create subject-matter jurisdiction for what Brown seeks. He asks the District Court to address claims that U.S. Bank Trust asserted in the underlying case Brown seeks to remove to federal court. Federal claims that Brown may or may not be able to assert against U.S. Bank Trust

and the Florida trial court are irrelevant to whether the District Court enjoys subject-matter jurisdiction over the claims asserted by U.S. Bank Trust in the underlying action.

Furthermore, even if Brown had demonstrated that 42 U.S.C. §§ 1981 and 1983 and the FDCPA create defenses he could assert against U.S. Bank Trust's claims, that too would be insufficient for the District Court to exercise subject-matter jurisdiction regarding this case. Thus, Brown has not demonstrated that the District Court possesses subject-matter jurisdiction by virtue of any federal question presented in this case.

### III. Conclusion

Because Brown has failed to carry his burden of demonstrating that the District Court possesses subject-matter jurisdiction regarding this case, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **REMAND** this action back to the state court;
2.  **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida, this 4th day of September, 2023.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**